LONGLEY SUPPLY COMPANY OF NEW BERN, INC. v. R. L. STYRON AND R. G. STYRON, Trading as Styron Plumbing, Heating & Air Conditioning Co.

No. 753SC136

(Filed 21 May 1975)

**Partnership § 9— dissolution — liability for accounts payable**

Where an agreement for dissolution of a partnership and continuation of the business by one partner was silent as to liability for accounts payable if they exceeded accounts receivable, each partner was required to contribute toward payment of the excess accounts payable incurred to the date of dissolution according to his share of the profits. G.S. 59-66(a).

APPEAL by codefendant R. G. Styron from *Browning, Judge.* Judgment entered 19 August 1974, in Superior Court, CRAVEN County. Heard in the Court of Appeals 15 April 1975.

This civil action was instituted by the plaintiff on 20 March 1974 for the collection of an account against defendants for materials they purchased from plaintiff on open account. The parties stipulated that the plaintiff was entitled to judgment in the amount of $10,433.45, the only issue presented being that raised by the cross-claim of codefendant Ralph G. Styron against codefendant Roma L. Styron for indemnity. This alleged claim was based upon the terms of a written agreement made by the codefendants in dissolving their partnership.

The codefendants are brothers who owned adjacent lots in Morehead City. On one lot stood a service station business and on the other a plumbing business. In August 1972, the brothers decided to divide the two businesses, whereupon they eventually agreed that Ralph Styron would take the service station business and Roma Styron would continue to operate the plumbing business. Roma Styron requested that accountants and attorneys be retained to assist in the division of the properties; Ralph Styron disagreed and prepared the agreement, which made dissolution effective at 5:00 p.m., 7 August 1972. Both codefendants accepted its terms under seal on 17 August.

The agreement called for the deeding over of various buildings and property by one brother and then the other, the pre-

sumed result being to separate the two businesses. Then a clause appears upon which this litigation allegedly depends:

> "6. Roma Styron, T/A Styron Plumbing, Heating & Air Conditioning Company will pay all accounts payable before 5 p.m. August 7, 1972 and collect all accounts receivable before 5 p.m. August 7, 1972. After all accounts payable are paid, then Roma Styron and Ralph Styron will divide equally the balance of the accounts receivable and Roma Styron will collect his and Ralph Styron will collect his."

As it turned out, the accounts payable were in excess of the accounts receivable in an amount at least equal to the sum stipulated as owing plaintiff. The trial court found the defendants jointly and severally liable for the stipulated sum of $10,433.45 with interest from 14 September 1972 and dismissed Ralph Styron's cross-claim for indemnity. From the judgment dismissing the cross-claim, codefendant Ralph Styron appealed.

*Henderson, Baxter & Davidson by David S. Henderson and Gerard H. Davidson, Jr., for codefendant-appellant.*

*Hamilton, Bailey & Fisher by Glenn B. Bailey for codefendant-appellee.*

CLARK, Judge.

From a careful review of the terms of paragraph "6" of the dissolution agreement quoted above, it is obvious that its application to any division of funds depended implicitly on there being a surplus of accounts receivable over accounts payable. The second sentence, in particular, points out that the parties to the dissolution were in fact contemplating that there would be excess accounts receivable over accounts payable. Neither paragraph "6" nor any other provision in the contract deals with the reverse situation. Consequently, in view of the contemplation of the parties as is disclosed in paragraph "6" and the absence of other pertinent contract provisions dealing with excess accounts payable, we find simply that the dissolution agreement failed to treat the subject.

We note that the judgment of the trial court finding joint and several liability was based upon the finding that the paragraph in question was ambiguous in that it was susceptible of more than one interpretation. Consequently, it construed the

paragraph against Ralph Styron who prepared it and found that it was contemplated that the brothers would share liabilities as well as profits. Insofar as the judgment was based upon such a finding, we disagree; however, for purposes of liability, we reach the same result. Since the agreement was silent relative to what the parties actually contemplated under an excessive accounts payable predicament and absent any pertinent agreement relating thereto, the appropriate statutory provisions of the Uniform Partnership Act, Chapter 59, Article 2 of the General Statutes apply. Under G.S. 59-66(a), the dissolution of a partnership does not of itself discharge the existing liability of any partner and absent an agreement under G.S. 59-48(1), each partner must contribute towards the losses sustained by the partnership according to his share of the profits. The effect of these provisions creates liability for Ralph Styron, requiring him to contribute his share of the losses incurred to the date of the dissolution.

Lastly, the trial court found joint and several liability with respect to the entire stipulated sum of $10,433.45. This amount, however, was computed effective September 14. Between August 7 and September 14, Styron Plumbing incurred an additional $762.07 of accounts payable due plaintiff. On August 7, the effective date of dissolution, there was only $9,671.38 due. Consequently, codefendant Ralph Styron's obligation for a contributive share should be computed with reference to this latter figure and the judgment of the trial court is so modified.

Affirmed as modified.

Judges MORRIS and VAUGHN concur.